UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

KASSANDRA NUNEZ,

                                      Plaintiff,

                                      v.

COMMISSIONER OF SOCIAL SECURITY,

                                      Defendant.
_____

DECISION AND ORDER

18-CV-6077L

       Plaintiff appeals from a denial of disability benefits by the Commissioner of Social Security ("the Commissioner"). The action is one brought pursuant to 42 U.S.C. § 405(g) to review the Commissioner's final determination.

       On September 9, 2014, plaintiff, then twenty-six years old, filed applications for a period of disability and disability insurance benefits, and for Supplemental Security Income benefits. In both applications, plaintiff alleged an inability to work since January 18, 2014. (Administrative Transcript, Dkt. #6 at 10).[1] Her applications were initially denied. Plaintiff requested a hearing, which was held via videoconference on August 3, 2016 before Administrative Law Judge ("ALJ") Hope G. Grunberg. The ALJ issued a decision on September 19, 2016, concluding that plaintiff was not disabled under the Social Security Act. (Dkt. #6 at 10-22). That decision became the final decision of the Commissioner when the Appeals Council denied review on November 27, 2017. (Dkt. #6 at 1-3). Plaintiff now appeals from that decision.

---

[1] Citations to the Administrative Transcript utilize its internal Bates-stamped page numbers.

The plaintiff has moved (Dkt. #8) for judgment remanding the matter for further proceedings, and the Commissioner has cross moved (Dkt. #13) for judgment on the pleadings affirming the Commissioner's decision, pursuant to Fed. R. Civ. Proc. 12(c). For the reasons set forth below, the plaintiff's motion is denied, the Commissioner's cross motion is granted, and the Commissioner's decision that plaintiff is not disabled is affirmed.

**DISCUSSION**

Determination of whether a claimant is disabled within the meaning of the Social Security Act follows a well-known five-step sequential evaluation, familiarity with which is presumed. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986). *See* 20 CFR §§404.1509, 404.1520. The Commissioner's decision that a plaintiff is not disabled will be affirmed if it is supported by substantial evidence, and if the ALJ applied the correct legal standards. *See* 42 U.S.C. §405(g); *Machadio v. Apfel*, 276 F.3d 103, 108 (2d Cir. 2002).

The ALJ summarized plaintiff's medical records, particularly her treatment notes for attention deficit hyperactivity disorder ("ADHD"), bipolar disorder, major depressive disorder, anxiety disorder, and borderline personality disorder, which the ALJ concluded together constituted a severe impairment not meeting or equaling a listed impairment. (Dkt. #6 at 13). I believe the evidence supports the ALJ's findings concerning the nature and extent of plaintiff's resulting limitations, and that her finding that the plaintiff – at the time of her alleged onset date a 25-year-old woman with a high school education and no past relevant work – was not disabled, was supported by substantial evidence and contained no legal error.

On appeal, plaintiff objects to the ALJ's RFC finding relative to her nonexertional (psychological) limitations. When assessing nonexertional limitations, in addition to the usual

five-step analysis, the regulations "require application of a 'special technique' at the second and third steps of the five-step framework." *Kohler v. Astrue*, 546 F.3d 260, 265 (2d Cir. 2008). If the claimant is found to have a medically determinable mental impairment, the ALJ must assess the claimant's degree of resulting limitations in four broad functional areas: (1) activities of daily living; (2) social functioning; (3) concentration, persistence or pace; and (4) episodes of decompensation. 20 CFR §404.1520a(c)(3). If and how the analysis proceeds from that point depends upon the degree of impairment found. However, the ALJ must document his analysis, and his written decision must "reflect application of the technique, and . . . 'include a specific finding as to the degree of limitation in each of the [four] functional areas.'" *Kohler*, 546 F.3d 260 at 266 (quoting 20 CFR §404.1520a(e)(2)).

Here, the ALJ found that the plaintiff was mildly restricted in activities of daily living, moderately restricted in social functioning, moderately restricted with regard to concentration, persistence and pace, and had experienced one or two episodes of decompensation. She determined that plaintiff had the residual functional capacity ("RFC") to perform work at all exertional levels, but with the following nonexertional limitations: plaintiff is limited to understanding, remembering and carrying out simple tasks, with changes that are easily explained and no more than occasionally required. Plaintiff cannot perform work that requires a high-quota production pace (e.g., assembly line work). She can have no interaction with the public, and only occasional interaction with coworkers and supervisors. Finally, she cannot perform team or tandem work. (Dkt. #6 at 15). When presented with this RFC at the hearing, vocational expert GleeAnn L. Kehr (Dkt. #6 at 240) testified that a person with this RFC can perform the positions of laundry worker, laundry sorter, and janitor. (Dkt. #6 at 60).

Plaintiff argues that the ALJ's RFC determination was not supported by substantial evidence. Specifically, plaintiff contends that the ALJ's RFC finding was erroneous, because the ALJ purported to give "some" weight to the opinions of consulting psychologist Dr. Adam Brownfeld,[2] consulting psychiatrist Dr. Kristina Luna, and examining licensed clinical social worker Stephanie Bourne, yet failed to either: (1) incorporate all of the limitations from those opinions into her RFC finding; or (2) sufficiently explain her reasons for rejecting some of the limitations identified in those opinions.

Dr. Brownfeld examined plaintiff on May 5, 2015, and opined that plaintiff was "moderately" limited (defined as unable to function 50% of the time) with respect to performing tasks independently, maintaining a regular routine and schedule, maintaining basic hygiene and grooming, using public transportation, and performing low stress and simple tasks. (Dkt. #6 at 527-28). Dr. Luna examined plaintiff on February 9, 2016, and opined that plaintiff was "moderately" limited (defined as unable to function 50% of the time) with respect to performing complex tasks independently, maintaining attention and concentration for rote tasks, and performing low stress and simple tasks. (Dkt. #6 at 536-37). Ms. Bourne examined plaintiff on July 26, 2016, and opined that plaintiff was "moderately" limited (defined as unable to function 10-25% of the time) in her ability to follow, understand and remember simple instructions, perform simple and complex tasks independently, maintain attention and concentration for rote tasks, regularly attend to a routine and maintain a schedule, and perform low stress and simple tasks. (Dkt. #6 at 470-71). Each of these sources also opined that plaintiff was incapable of work (able to do nothing other than engage in therapy) for a period of 3 or 6 months.

---

[2] Plaintiff refers interchangeably to the opinions of a "Dr. Brownstein" and "Dr. Brownfield." Taken in context, it is clear that plaintiff is referring in both cases to Dr. Brownfeld.

4

The ALJ afforded each of these opinions "partial" weight, noting that the record did not support plaintiff's total inability to work, particularly as plaintiff had performed work as a cosmetologist, call center employee, cellular phone salesman and bank teller, at levels approaching that of substantial gainful activity, in 2014 and 2015. (Dkt. #6 at 19). The ALJ otherwise found that the opinions supported "moderate restrictions in the areas assigned," to wit, restrictions on plaintiff's ability to understand, remember and carry out instructions, respond appropriately to changes in the workplace, engage in production pace work, and interact appropriately with coworkers and/or the general public. (Dkt. #6 at 15).

Initially, the ALJ's consideration of plaintiff's work history in evaluating her RFC was appropriate, as "[t]he Commissioner's regulations provide that part-time work, even if not substantial gainful activity, may show a claimant is able to do more than they actually did." *Downs v. Colvin*, 2016 U.S. Dist. LEXIS 131290 at *12 (W.D.N.Y. 2016). The ALJ's decision also noted that plaintiff's global assessment of functioning score had been assessed during mental health treatment in 2013 as 60 (Dkt. #6 at 18), consistent with mild to moderate limitations in social, occupational functioning.

Furthermore, while the ALJ did not engage in a piece-by-piece breakdown of the portions of each opinion that she chose to credit, the ALJ's opinion nonetheless furnishes sufficient explanation of the basis for her conclusion that plaintiff's non-exertional limitations are no more than moderate. *See generally Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2013) (failure to explicitly engage in a function-by-function analysis in assessing a claimant's RFC is not a per se error requiring remand: the "relevant inquiry is whether the ALJ applied the correct legal standards and whether the ALJ's determination is supported by substantial evidence"). The ALJ's decision cites to plaintiff's activities of daily living (including child care, pet care, meal preparation,

housework, and independent engagement in personal care), plaintiff's work in a combination of jobs at near-substantial gainful activity levels in 2014 and 2015, objective testing demonstrating only mild impairment in attention and concentration and an ability to perform simple work, and the opinions of consultative psychologist Dr. Gregory Fabiano and state agency psychological consultant G. Kleinerman, both of which the ALJ gave "great" weight in light of their consistency with plaintiff's treatment records and activities of daily living. (Dkt. #6 at 13, 14, 16, 17).

In general, moderate nonexertional limitations are sufficiently accommodated where a plaintiff is limited to performing simple work with avoidance of stressors such as production pace work and interaction with coworkers and the public. Here, the limitations imposed by the ALJ are appropriate to accommodate moderate limitations in attention and concentration, processing of instructions, performance of simple tasks, stress, schedule maintenance, etc. *See Landers v. Colvin*, 2016 U.S. Dist. LEXIS 41117 at *11-*12 (W.D.N.Y. 2016) (limitation to simple, routine tasks accounts for limitations in attention and concentration, schedule-keeping and attendance). The ALJ further utilized a vocational expert to determine that plaintiff could perform three positions, all at the "unskilled" level. *Accord Abar v. Colvin*, 2015 U.S. Dist. LEXIS 43205 at *15 n.8 ("courts have found that, 'when medical evidence demonstrates that a claimant can engage in simple routine tasks or unskilled work despite limitations in concentration, persistence, and pace, limiting a plaintiff to unskilled work sufficiently accounts for such limitations'") (quoting *Bartell v. Commissioner*, 2014 U.S. Dist. LEXIS 138078 at *8 (N.D.N.Y. 2014)).

In sum, while "the ALJ's conclusion may not perfectly correspond with any of the opinions of medical sources cited in [her] decision, [she is] entitled to weigh all of the evidence available to make an RFC finding that [i]s consistent with the record as a whole." *Matta v. Astrue*, 508 Fed. Appx. 53, 56 (2d Cir. 2013) (unpublished opinion). Furthermore, it is "not require[d] that

6

[the] ALJ have mentioned every item of testimony presented to h[er] or have explained why [s]he considered particular evidence unpersuasive or insufficient to lead h[er] to a conclusion of disability." *Mongeur v. Heckler*, 722 F.2d 1033, 1040 (2d Cir.1983). Here, the ALJ discussed the medical opinion evidence provided by each of the treating and consulting sources of record, set forth her reasoning for the weight afforded to each opinion, cited and discussed specific evidence in the record which supported her determination, and incorporated appropriate and relevant limitations into her RFC finding. As such, I do not find that the ALJ improperly substituted her "own expertise or view of the medical proof [in place of] any competent medical opinion." *Greek v. Colvin*, 802 F.3d 370, 375 (2d Cir. 2015).

Plaintiff also argues that the ALJ erred in evaluating plaintiff's credibility, when she determined that plaintiff's testimony concerning the intensity, persistence and limiting effects of her symptoms was not entirely credible.

An ALJ "may discount plaintiff's testimony to the extent that it is inconsistent with medical evidence, the lack of medical treatment, and [claimant's] own activities during the relevant period." *Lovell v. Colvin*, 137 F.Supp.3d 347 (W.D.N.Y. 2015) (quoting *Wischoff v. Astrue*, 2010 U.S. Dist. LEXIS 37961, at *17 (W.D.N.Y. Apr. 16, 2010)). Here, the ALJ found that plaintiff's testimony describing debilitating depression and anxiety was inconsistent with the evidence of record, which included plaintiff's work history, and treatment records showing management of her psychological symptoms with medication and therapy. The Court concurs.

I have considered the rest of plaintiff's claims, and find them to be without merit.

## CONCLUSION

For the forgoing reasons, I find that the ALJ's decision was supported by substantial evidence, and was not based on legal error. The plaintiff's motion for judgment on the pleadings (Dkt. #8) is denied, the Commissioner's cross motion for judgment on the pleadings (Dkt. #13) is granted, and the Commissioner's decision that plaintiff is not disabled is affirmed in its entirety.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
April 23, 2019.